UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nathanial Morse,<br><br>        Plaintiff,<br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | 1:06-cv-1473-SMS<br><br>ORDER GRANTING PLAINTIFF'S MOTION<br>FOR ATTORNEY'S FEES (DOC. 32) |

Plaintiff proceeded with a civil action concerning review of a denial of Social Security Benefits. The matter had been referred to the Magistrate Judge for all purposes, including the entry of final judgment. Pending before the Court is Plaintiff's unopposed motion for attorney's fees, filed on May 22, 2009, which proofs of service reflect has been served on Defendant as well as on Plaintiff himself.[1]

I. Background

Plaintiff prevailed in his action, filed on October 13, 2006, when, after briefs were filed by both parties, the parties

---

[1] The Court issued on May 27, 2009, a minute order setting a due date for opposition, but no opposition was filed.

1

stipulated to a remand to the agency in August 2007. Thereafter, Plaintiff was found to be disabled in agency proceedings, and counsel asserts that Plaintiff was awarded about $31,948.50 in retroactive benefits.

On November 7, 2007, pursuant to a stipulated order, the Court awarded Plaintiff attorney's fees and expenses under the Equal Access to Justice Act (EAJA) in the amount of $3,600.00. The order stated that it was without prejudice to the right of Plaintiff's counsel to seek fees under 42 U.S.C. § 406, subject to the provisions of the EAJA.

Plaintiff's counsel, Steven G. Rosales, of the Law Offices of Lawrence D. Rohlfing, seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $7,987.00, less the amount already received in EAJA fees.

II. Motion for Fees

A. Legal Standards

With regard to the Social Security Act's provision for attorney's fees for services rendered in connection with judicial review of the administrative proceedings, 42 U.S.C. § 406(b) provides:

(b) Attorney fees

(1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no

2

1     other fee may be payable or certified for payment
2     for such representation except as provided in this paragraph.

3     (B) For purposes of this paragraph--

4     (i) the term "past-due benefits" excludes any benefits with respect to which payment has been continued
5     pursuant to subsection (g) or (h) of section 423 of this title, and

6

7     (ii) amounts of past-due benefits shall be determined before any applicable reduction under section 1320a-6(a) of this title.

8

9     (2) Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) of
10     this subsection is applicable any amount in excess of that allowed by the court thereunder shall be guilty of
11     a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $500, or imprisonment
12     for not more than one year, or both.

13     The attorney petitioning for an award of fees pursuant to §
14 406(b) bears the burden of showing that a claimed fee that was
15 set by contract is reasonable for the services rendered.
16 Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817, 1828 (2002).
17 The fee agreement is entitled to significant weight, but even if
18 the claimed fee is within the twenty-five percent limitation, the
19 Court must independently assess the reasonableness of the
20 contract. Id. To avoid a windfall for the attorney, the Court may
21 reduce the amount recovered because of the character of the
22 representation, the results achieved, a disproportionately large
23 award in comparison to the time expended, or any delay caused by
24 the attorney. Id. Thus, the Court may require the claimant's
25 attorney to submit a record of the hours spent on the case and a
26 statement of the lawyer's normal hourly billing charge for non-
27 contingent-fee cases. Id.

28 /////

B. <u>Reasonableness of Fee</u>

The appropriate starting point for determination of a reasonable fee for representation before the Court is not a lodestar type formulation; rather, the Court will determine whether the fee, which is acknowledged to be within the permissible twenty-five per cent of total recovery, is reasonable.[2] <u>Gisbrecht</u>, 535 U.S. at 792, 797-98, 808.

Here, the amount of fees sought, namely, $7,987.00, does not exceed twenty-five per cent of the total recovery.

The Court finds that the 19.7 attorney hours spent were reasonably expended. The <u>de facto</u> hourly rate of around $400.00 might warrant a slight departure downward. <u>Gisbrecht</u>, 535 U.S. at 808. However, counsel's qualifications are considerable, and the character of the representation was clearly excellent in view of counsel's ability to obtain a stipulated remand after the filing of briefing. Further, the award was quite significant; the results achieved were clearly very favorable to the Plaintiff. The Court is also mindful of the value of the contingency; despite there having been a loss before the agency, counsel proceeded despite the limited scope and standard of review in the proceedings before the Court, and thus despite a decreasing likelihood of recovery. See, <u>Hearn v. Barnhart</u>, 262 F.Supp.2d 1033, 1037 (N.D.Cal.2003) (noting that courts have generally been

---

[2] A lodestar amount is based upon reasonable hours expended multiplied by a reasonable hourly rate, <u>see</u>, <u>Allen v. Shalala</u>, 48 F.3d 456 (9th Cir. 1995) (overruled by <u>Gisbrecht</u>), which may then be adjusted by considering various factors identified in <u>Kerr v. Screen Actors Guld, Inc.</u>, 526 F.2d 67 (9th Cir. 1975), such as time and labor required, difficulty of questions involved, skill needed to perform the service and the experience, reputation and ability of the attorneys, preclusion of other employment, customary fee, whether the fee is fixed or contingent, time limits imposed by the client or circumstances, the amount involved and the results obtained, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases.

4

deferential to the terms of contingency fee contracts in § 406(b) cases and have accepted that the resulting <u>de facto</u> hourly rates [ranging from over $300 to over $600 per hour] might exceed those for non-contingency-fee arrangements). This Court notes that without the incentive of recovery of a maximum contingency fee, plaintiffs in Social Security cases might go unrepresented or be forced to abandon their claims.

Therefore, the Court finds that the fees requested are reasonable.

### C. <u>Offset of EAJA Award</u>

The payment under the EAJA arises if the government's position in the litigation was not substantially justified, and the fee is determined by the time expended and the attorney's hourly rate. 28 U.S.C. § 2412(d). The payment provided for under § 406(b)(1)(A) is payable out of, and not in addition to, the amount of the past-due benefits. <u>Gisbrecht v. Barnhart</u>, 122 S.Ct. 1817, 1820, 1822. Congress has harmonized fees payable by the government under the EAJA with fees payable under § 406(b) out of a Social Security claimant's past-due benefits. Fee awards may be made under both provisions, but the claimant's attorney must refund to the claimant the amount of the smaller fee up to the point that the claimant receives one hundred per cent of the past-due benefits. Act of Aug. 5, 1985, Pub.L. 99080, § 3, 99 Stat. 186; <u>Gisbrecht v. Barnhart</u>, 122 S.Ct. at 1822.

Here, the fee of $7,987.00 provided for under the contract and § 406(b) must be reduced by the $3,600.00 previously awarded under the EAJA.

Accordingly, it IS ORDERED that the petition of Plaintiff's

counsel for an award of $7,987.00 in fees IS GRANTED subject to a $3,600.00 offset to Plaintiff for the prior EAJA award.

IT IS SO ORDERED.

Dated:    **August 14, 2009**                               /s/ Sandra M. Snyder
                                                               UNITED STATES MAGISTRATE JUDGE